IN THE SUPREME COURT OF THE STATE OF DELAWARE

DENEISHA WRIGHT,                    §
                                    §    No. 100, 2023
    Defendant Below,        §
    Appellant,              §    Court Below—Superior Court
                                    §    of the State of Delaware
    v.                      §
                                    §    ID. No. 1701009508A/B
STATE OF DELAWARE,                  §
                                    §
    Appellee.               §

Submitted:  October 11, 2023
Decided:    October 30, 2023

Before **SEITZ**, Chief Justice; **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

On this 30th day of October, 2023, after consideration of the briefs and the record below, it appears to the Court that:

(1)    The appellant, Deneisha Wright, has appealed the Superior Court's denial of her motion for postconviction relief under Superior Court Criminal Rule 61. She argues that the Superior Court erred when it held that she was not prejudiced by her trial counsel's failure to request an alibi jury instruction. For the reasons discussed below, Wright's argument lacks merit and we therefore affirm the Superior Court's judgment.

(2)    On January 14, 2017, Charles Mays was found unresponsive inside his pickup truck with gunshot wounds to his legs. He was later pronounced dead.

Surveillance video from that day—obtained from a nearby apartment complex—showed Wright's aunt, Lisa Mitchell, and two other people exit Apartment 1-A, one of the units in the complex, and approach Mays's truck. A fourth person, who witnesses would later identify as Wright, exited Apartment 1-A, approached the truck, and shot Mays.

(3) On May 1, 2017, a grand jury indicted Wright on two counts of Murder First Degree, Attempted Robbery First Degree, three counts of Possession of a Firearm During the Commission of a Felony, and Possession of a Firearm by a Person Prohibited in connection with Mays's death. These charges were brought to trial in June 2018. At trial, Lisa Mitchell testified that she saw Wright shoot Mays. Ralph Mitchell, Wright's cousin, testified that Wright was at Apartment 1-A on the day of the shooting and that he watched her shoot Mays. Tyrell Simpson, Wright's former boyfriend, testified that, on the day of the shooting, Wright told him that she had shot someone. Additionally, when the police found Wright ten days after the shooting, her jacket had evidence on it consistent with gunshot residue. The jacket also closely matched the jacket worn by the shooter in the surveillance video.

(4) At trial, Wright focused her defense on questioning the credibility of the State's witnesses and suggesting that another woman by the name of Latasha Brown had committed the crime. She also testified that she was not at Apartment 1-A at the time of the shooting. Instead, she claimed that she was at a corner store.

2

(5)     When the Superior Court charged the jury, they did not receive an alibi instruction because Wright's counsel failed to request one.  The jury did, however, receive an identification instruction.  After deliberating, the jury found Wright guilty of one count of Murder First Degree by way of felony murder, Attempted Robbery First Degree, and two counts of Possession of a Firearm During the Commission of a Felony.  In a separate bench trial, the Superior Court found Wright guilty of Possession of a Firearm by a Person Prohibited.  On direct appeal, this Court affirmed Wright's convictions.[1]

(6)     In July 2020, Wright filed a *pro se* motion for postconviction relief alleging her trial counsel was ineffective because he did not request an alibi instruction.  Wright was subsequently appointed counsel, who filed an amended motion.  In its February 21, 2023, memorandum opinion and order, the Superior Court denied Wright's motion.[2]  The court found that Wright's motion was not procedurally barred and that her trial counsel's performance was indeed deficient. But it also found that Wright had failed to establish prejudice and that the evidence overwhelmingly established her guilt.  In the alternative, the Superior Court found that, if there was any prejudice caused by Wright's trial counsel, the identification

[1] *Wright v. State*, 212 A.3d 269, 2019 WL 2417520, at *1 (Del. June 6, 2019) (ORDER).
[2] *State v. Wright*, 2023 WL 2128338, at *1 (Del. Super. Feb. 21, 2023).

jury instruction remedied it. On appeal, Wright argues the trial court's findings were in error.

(7) This Court reviews the denial of a motion for postconviction relief for abuse of discretion.[3] Claims alleging ineffective assistance of counsel are reviewed *de novo*.[4] When reviewing the Superior Court's denial of a motion for postconviction relief, we must first consider the procedural requirements of Rule 61 before addressing any substantive issues.[5] We agree with the trial court's determination that Wright's claims are not procedurally barred. Therefore, we will address the substance of Wright's ineffective assistance of counsel claim.

(8) To prevail on an ineffective assistance of counsel claim, the defendant "must show both deficient performance by counsel and prejudice."[6] If a defendant has not suffered prejudice, this Court may dispose of an ineffective assistance claim without addressing counsel's performance.[7] To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8] A

---

[3] *Green v. State*, 238 A.3d 160, 173 (Del. 2020) (citing *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013)).

[4] *Id*.

[5] *Bradley v. State*, 135 A.3d 748, 757-58 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

[6] *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

[7] *Green*, 238 A.3d at 174-75 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

[8] *Strickland*, 466 U.S. at 694.

reasonable probability is a probability sufficient to undermine confidence in the outcome; this standard is lower than "more likely than not."[9] When evaluating whether Wright was prejudiced by the omission of the alibi instruction, we must consider the totality of the evidence before the jury.[10]

(9) Here, Wright was not prejudiced by trial counsel's failure to request an alibi instruction because the evidence supporting her alibi was insufficient to undermine confidence in the trial's outcome given the totality of the evidence.[11] Wright acknowledges that there was strong evidence of her guilt presented at trial. "The jury heard testimony from several witnesses" who testified that "they saw Wright shoot Mays or provided corroborating, circumstantial evidence, including witnesses who knew Wright and identified her as the person on the surveillance video . . . ."[12] Although Wright argues that she presented evidence calling the testimony of the State's witnesses into question, the jury found the State's witnesses credible and found Wright guilty of felony murder. Because "[t]he jury [has]

---

[9] *Ploof*, 75 A.3d at 821 (citing *Strickland*, 466 U.S. at 693-94).
[10] *Strickland*, 466 U.S. at 695.
[11] *Neal v. State*, 80 A.3d 935, 946 (Del. 2013) (finding no prejudice where evidence against defendant was overwhelming); *State v. Mann*, 221 A.3d 965, 981-82 (Md. 2019), *cert. denied*, 141 S. Ct. 337 (2020) (finding no prejudice where "the purported alibi witnesses' testimony did little to harm the State's case" based on "the totality of the evidence before the jury").
[12] *Wright*, 2019 WL 2417520, at *4.

discretion to determine the credibility of the witnesses," Wright's argument is unavailing.[13]

(10) In contrast, the evidence Wright presented in support of her alibi was weak. Wright's testimony that she remembered being at a corner store at the time of the homicide was the only alibi evidence presented at trial. This testimony, however, contradicts her initial account of events to police. Wright told police that she could not remember where she was the day of the shooting because she was high "off of Percs and Zanies."[14] At trial, Wright explained that she initially lied "because [she] wanted to have a lawyer present with [her] when [she] spoke" to the police.[15] Wright testified, however, that during her police interview she asked for a lawyer and the interview ended.[16] Moreover, Wright failed to provide any additional details about the corner store she claims to have visited at the time of the shooting, and no other witnesses corroborated or even mentioned her alibi at trial.

(11) Given the strength of the credible evidence against Wright and the lack of evidentiary support for her alibi, there is not a reasonable probability that "an alibi instruction would have moved the needle in her favor at trial."[17] Therefore, the Superior Court did not err when it determined Wright was not prejudiced by trial

---

[13] *Wright*, 2019 WL 2417520, at *4 (citing *Mitchell v. State*, 35 A.3d 419, 2012 WL 112602, at *2 (Del. Jan. 12, 2012) (ORDER)).
[14] App. to Opening Br. at A702-04.
[15] *Id*. at A703.
[16] *Id*. at A706.
[17] *Wright*, 2023 WL 2128338, at *6.

counsel's failure to request an alibi instruction and denied her motion for postconviction relief.  Accordingly, we need not address trial counsel's performance or the Superior Court's alternative theory of prejudice.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *N. Christopher Griffiths*
Justice

7